UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. STEVEN ADLER,<br><br>Plaintiff-Relator,<br><br>v.<br><br>THE SPORN COMPANY INC. and BIXLER'S INC.,<br><br>Defendants. | Case No. 24-cv-00617<br><br>PLAINTIFF-RELATOR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

### PLAINTIFF-RELATOR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff-Relator Steven Adler ("Relator") respectfully moves for leave to file a Second Amended Complaint to re-assert claims against Perry Sporn alongside Defendants The Sporn Company, Inc. ("TSC") and Bixler's Inc. ("Bixler's"). He makes this motion under Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15 before this Court's September 9, 2025 deadline for amendments. This amendment is warranted because counsel for TSC and Bixler's have suggested that these corporate defendants may lack the ability to pay a judgment.

I.   **Procedural History**

This case was originally filed in the Southern District of New York under the False Claims Act, 31 U.S.C. § 3729 et seq., against The Sporn Company, Inc. ("TSC"), Bixler's Inc. ("Bixler's"), and Perry Sporn, who owns and controls the two companies. *United States ex rel. Adler v. Sporn Co.*, No. 20-cv-8194 (S.D.N.Y.) ECF No. 6. Relator later filed an Amended Complaint, adding allegations to preserve venue in New York, but removing Perry Sporn as a defendant, with the goal of keeping the case in New York and avoiding the attendant delay of a transfer of venue. *Id.* ECF No. 30.

1

On May 28, 2024, the Southern District of New York granted Defendants' motion to transfer venue under 28 U.S.C. § 1404(a). *Id.* ECF No. 58. The case was transferred to this Court on June 5, 2024. *United States ex rel. Adler v. Sporn Co.*, No. 24-cv-617 (D. Vt.) ECF No. 59. Relator then defeated Defendants' renewed Motion to Dismiss and the parties proposed a scheduling order. ECF Nos. 91, 107. Under the scheduling order proposed by the parties and entered by the Court, the deadline to amend pleadings is September 9, 2025. ECF No. 115. Plaintiff now moves for leave to amend in accordance with this jointly proposed deadline.

## II.    Leave to Amend Should Be Freely Given

Rule 15(a) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").[1] "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In assessing whether to grant leave to amend, courts consider a number of factors, including, most relevant here, "undue prejudice to the opposing party." *See Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "In gauging prejudice, we consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008).

---

[1] Because Relator seeks amendment before the Court's deadline, the more stringent "good cause" standard of Rule 16 does not apply. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (quoting *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir.1999) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order.")).

### III. The Interests of Justice Favor Including Mr. Sporn as a Defendant

Justice requires amendment here. Mr. Sporn is at the center of the allegations, and his inclusion as a defendant will ensure a judgment is enforceable. There is no undue prejudice to Mr. Sporn, and his inclusion will not delay this action.

*First,* the amendment is necessary to ensure that any judgment can be enforced. Relator has yet to receive any discovery as to the financial states of TSC and Bixler's, which may reveal that they lack the ability to pay the customs duties at issue in this case. Given Mr. Sporn's central role in the alleged fraud and his complete control over both companies, his joinder is appropriate to ensure any judgment can be satisfied. *See* Am. Compl. ¶¶ 22, 47, 51, 57, 60-66, 70-74, 77-83, 90-92. The False Claims Act and the Tariff Act, indeed, provide for personal liability in such circumstances. *See United States ex rel. Taylor v. GMI USA Corp.*, 714 F. Supp. 3d 275, 294 (S.D.N.Y. 2024) (allowing claims to proceed against owner and CEO of corporate defendants because "to be held liable under the Customs laws, an owner or officer of a corporate defendant must have personally committed an act or omission causing the introduction or entry of goods into the United States by false means.").

*Second,* the present amendment is extremely limited and thus will not meaningfully alter the scope this action: Relator merely seeks to add Perry Sporn as a defendant again. Mr. Sporn is the owner, President, CEO, Director, and Secretary of TSC, and exercises complete control over both TSC and Bixler's. With the case now in Vermont—where Sporn resides and where TSC is headquartered—the original reason for his dismissal no longer applies. The proposed amendment does not add new claims or theories of liability that would alter the scope of the action. It is largely a formality, as demonstrated by the table of changes below.

*Third,* there is no undue prejudice to Mr. Sporn. Mr. Sporn has known of this case at least since he waived service in April 2023. ECF No. 9. His role has been clear in each and every pleading to date. ECF Nos. 6, 30. Indeed, despite filing a 38-page motion to dismiss the original Complaint (which included Mr. Sporn as a Defendant), Defendants never argued that Relator's cause of action was uniquely inapplicable to Mr. Sporn, as opposed to the companies he controlled. ECF No. 22. Any argument as to the futility of adding Mr. Sporn as a defendant should therefore be deemed forfeited. *See Falcon v. City Univ. of New York*, No. 15-cv-3421 (ADS)(ARL), 2016 WL 3920223, at *14 (E.D.N.Y. July 15, 2016) ("[C]ourts have refused to consider arguments that could have been made in an original motion to dismiss that were re-asserted in a motion to dismiss an amended complaint or in opposition to the filing of an amended complaint.").

*Finally,* discovery will not be materially affected by adding Mr. Sporn as a defendant. Mr. Sporn has already been served with a subpoena and should therefore already be searching responsive documents. Defendants, moreover, have yet to produce a single document in response to Relator's requests for production, despite being served on July 3, 2025. Defendants cannot therefore credibly claim any delay or additional cost will result from Mr. Sporn's conversion from witness to Defendant.

There is, in sum, no good reason to allow Mr. Sporn to avoid responsibility for his role in Defendants' fraudulent scheme. For the foregoing reasons, Relator respectfully requests that the Court grant leave to file the Second Amended Complaint, attached hereto as Exhibit B.

*          *          *

Pursuant to District of Vermont Local Rule 15(a), Relator submits a redlined version of the proposed Second Amended Complaint designating all additions and deletions (Ex. A) and a clean

copy of the proposed Second Amended Complaint (Ex. B). For the Court's convenience, Plaintiff-Relator also includes the following table of changes:

| Location | Changes Made |
| --- | --- |
| Caption Page | Changed court from Southern District of New York to District of Vermont; added Perry Sporn as a Defendant. |
| ¶¶ 5-17 | Deleted New York-specific jurisdiction/venue allegations and replaced with Vermont-based venue and jurisdiction allegations in ¶¶ 5-8. |
| New ¶ 13 | Revised to describe Sporn as "Defendant Sporn" rather than "Mr. Sporn." |
| New ¶ 15 | Added new paragraph naming Perry Sporn as a Defendant, alleging his citizenship and his control of TSC and Bixler's. |
| Exhibits (passim) | All exhibit numbers renumbered downward because prior exhibits supporting New York venue were removed. |

In accordance with District of Vermont Local Rule 7(a)(7), Plaintiff sought Defendants' assent to these amendments. Defendants advised that they do not consent to the proposed amendments.

Dated: September 9, 2025

Respectfully submitted,

**PLAINTIFF-RELATOR STEVEN ADLER**

By his attorneys,

/s/ *Russell Kornblith*
Russell Kornblith*
Andrew Macurdy*
SANFORD HEISLER SHARP MCKNIGHT, LLP
17 State Street, 37th Floor
New York, NY 10004
Tel: (646) 402-5646
rkornblith@sanfordheisler.com

Frank Xu*
Ting Cheung*
SANFORD HEISLER SHARP MCKNIGHT, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Tel: (202) 499-5215
fxu@sanfordheisler.com

5

tcheung@sanfordheisler.com

AJ Ruben
BLACKBEAR LEGAL SERVICES PLC
P.O. Box 836
Pittsfield, VT 05762
Tel: (802) 342-1187
AJ@blackbearlawvt.com

*admitted pro hac vice*
*Attorneys for Plaintiff-Relator Adler*