UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>EX. REL. STEVEN ADLER,<br><br>                              Plaintiff-Relator,<br><br>    -against-<br><br>THE SPORN COMPANY, INC. and<br>BIXLER'S, INC.<br><br>                                Defendants. | Civil Case No. 24-cv-00617 |

**STIPULATED PROTECTIVE ORDER**

      This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an entry of an order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business information that may be sought during discovery in this case. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the Parties, and all Parties having stipulated and agreed to entry of this Protective Order, the following Protective Order is hereby entered by the Court.

      1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (collectively, "Protected Information") pursuant to this Order, no person subject to this Order may disclose such Protected Information to anyone except as this Order expressly permits.[1]

      2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes not to be in the public domain

---

[1] This Protective Order shall be made available to third-parties who shall produce Discovery Material designated subject to the discretion of the Producing Party.

and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) that, if disclosed, would materially affect the Producing Party's business, commercial, financial, or personal interests, including, without limitation, documents or information that contain: (a) information relating to the Producing Party's business practices and (b) financial information relating to the business of the Producing Party.

3. With respect to the Protected Information portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts (including any videorecording thereof) as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or "Highly Confidential - Attorneys' Eyes Only Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript (and, if videorecorded, the hour and minute ranges on such recording) that are to be designated "Confidential," or "Highly Confidential - Attorneys' Eyes Only" in which case all counsel receiving the transcript and/or video recording will be responsible for marking the copies of the designated transcript and/or video recordings in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript and/or video recording as if it had been designated Confidential. Nothing in this Order shall prevent Protected Information designated as "Confidential" from being used

during a deposition, or after making the Producing Party aware, in writing, at least 3 days prior to the deposition of the intended use of Protected Information designated as "Highly Confidential – Attorneys' Eyes Only."

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing within 24 hours of being apprised of its intended disclosure. To the extent a Producing Party becomes aware of disclosure of Discovery Materials it should have designated as "Confidential" or "Highly Confidential," the Producing Party may so designate and/or move for sealing following the disclosure. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in accordance with this Order.

6. Nothing contained in this Order will be construed as: (a) a waiver of any person's right to object to any discovery request; (b) a waiver of any privilege or protection by any person; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

    a. the parties hereto, counsel of record for the parties, and employees of such counsel to whom it is necessary that the "Confidential" Discovery Material be shown for purposes of this dispute;

    b. outside counsel for the parties who are not of record as counsel in this dispute, and employees of such counsel to whom it is necessary that the "Confidential" Discovery Material be shown for purposes of this dispute, provided such counsel or employee has first executed the Non-Disclosure Agreement set forth in Exhibit 1 hereto;

    c. the parties' insurers and counsel to their insurers;

d. persons who wrote, created, or previously received the "Confidential" Discovery Material (and such persons' counsel);

e. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

f. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement set forth in Exhibit 1 hereto;

g. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action other than as an expert witness, provided such person has first executed the Non-Disclosure Agreement set forth in Exhibit 1 hereto;

h. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement set forth in Exhibit 1 hereto;

i. stenographers engaged to transcribe testimony given in this action;

j. this Court, including any appellate court, its support personnel and court reporters; and

k. witnesses at deposition in this action to whom disclosure is reasonably necessary. Witnesses may also be shown documents reasonably necessary for the preparation of their depositions, but only after such persons have completed the certification contained in Exhibit 1. Witnesses shall not retain a copy of documents containing Protected Information after their depositions, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are

designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. "Highly Confidential – Attorneys' Eyes Only" – The Parties are currently negotiating a definition for Protected Information that could receive a Highly Confidential – Attorneys' Eyes Only designation by the Producing Party. Documents, information, or things designated "Highly Confidential - Attorneys' Eyes Only" shall not be disclosed to the parties hereto (besides the Producing Party) and the persons identified in Paragraph 7(g).

9. Before disclosing any Protected Information, as permitted above, to any person referred to in Paragraphs 7(b), 7(f), 7(g), or 7(h) above, counsel must provide a copy of this Order to such person, who must sign the Non-Disclosure Agreement set forth in Exhibit 1 hereto, stating that the person has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to counsel for a Producing Party upon the first of either (a) before such person is permitted to testify (at deposition or trial); (b) with respect to any individuals within the scope of Paragraphs 7(b) or 7(f), within five days of a request from the Producing Party; or (c) at the conclusion of this action.

10. Any Party who objects to any designation of confidentiality ("Objecting Party") may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. In response, the Producing Party shall state with particularity the grounds for the designation. If the Parties cannot reach agreement promptly, counsel for the Objecting Party will address the dispute to this Court for a determination. The burden of persuasion in any such motion shall be on the Producing Party.

11. Recipients of Protected Information under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial or competitive purpose or in any other litigation proceeding. Nothing contained in

this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. Nothing in this Order will prevent any Party from producing any Protected Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under any such request, at least ten calendar days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

13. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

A party filing Protected Information with the Court shall be responsible for filing a Motion to Seal that material. In the event that a party seeks to file an opponent's Protected Information and does not wish to file a Motion to Seal, it shall notify the opponent five (5) business days prior to the date on which it intends to file the opponent's Protected Information. In the event that the Court has not ruled on a Motion to Seal prior to the date on which Protected Information is to be filed, counsel for the filing party shall, in lieu of filing with the Court the actual papers containing the Protected Information, serve opposing counsel with the papers in question and file an affidavit of service with the Court indicating that opposing counsel has been served.

14. Each person who has access to Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

16. Within 60 days of the final disposition of this action, including all appeals, all recipients of Protected Information must either return it including all copies thereof to the Producing Party, or destroy such material including all copies thereof, unless the document has been offered into evidence or filed without restriction as to disclosure. The Receiving party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to emails) that may include Protected Information, or Protected Information contained in the deposition transcripts or draft or final expert reports. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Information. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

AGREED TO:

Dated: October 10, 2025

Respectfully submitted,

By:
/s/ *Robert M. Wasnofski, Jr.*
Robert M. Wasnofski, Jr. (*pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6748
Fax: (212) 768-6800
robert.wasnofski@dentons.com

Justin B. Barnard
DINSE, P.C.
209 Battery Street
Burlington, VT 05401
Phone: (802) 859-7082
Fax: (802) 859-8755
jbarnard@dinse.com

Timothy J. Storino (*pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Phone: (312) 876-2846
timothy.storino@dentons.com

*Attorneys for Defendants The Sporn Company, Inc. and Bixler's Inc.*

Dated: October 10, 2025

          */s/ Russell Kornblith*
          Russell Kornblith (*pro hac vice*)
          Andrew Macurdy (*pro hac vice*)
          SANFORD HEISLER SHARP MCKNIGHT, LLP
          17 State Street, 37th Floor
          New York, NY 10004
          Tel: (646) 402-5646
          rkornblith@sanfordheisler.com
          amacurdy@sanfordheisler.com

          Frank Xu (*pro hac vice*)
          Ting Cheung (*pro hac vice*)
          SANFORD HEISLER SHARP MCKNIGHT, LLP
          700 Pennsylvania Avenue SE, Suite 300
          Washington, DC 20003
          Tel: (202) 499-5215
          fxu@sanfordheisler.com
          tcheung@sanfordheisler.com

          A.J. Ruben
          BLACK BEAR LEGAL SERVICES PLC
          P.O. Box 836
          Pittsfield, VT 05762
          Tel: (802) 342-1187
          aj@blackbearlawvt.com

          *Attorneys for Plaintiff-Relator Steven Adler*

Dated: _____, 2025

          **SO ORDERED:**

          _____

          Hon. Christina Reiss, Chief Judge
          United States District Judge